## Z. O. M. CUNNINGHAM v. ROSETTA CUNNINGHAM.

Decided October 11, 1899.

**1. Divorce—Cruel Treatment.**

Where the wife interfered with the husband's proper exercise of authority over their son, and struck the husband with a stick, and in a struggle which then ensued between them over a gun she was struck on the head by the gun, knocking her down and hurting her quite severely, such facts were not sufficient to authorize the granting of a divorce to the wife upon the ground of cruel treatment.

**2. Same.**

The divorce having been set aside on appeal, at the instance of the husband, his assignments of error claiming that a divorce should thereupon be granted upon his plea of cross-action, based on the same fight with the stick and the gun, is held not to present a tenable proposition.

APPEAL from Nacogdoches. Tried below before Hon. TOM C. DAVIS.

*Dial & Chestnutt* and *Perkins, Matthews & Harris,* for appellant.

*E. W. Smith,* for appellee.

FLY, Associate Justice.—This is a suit for divorce applied for by appellee on the ground of such cruel and outrageous treatment on the part of the appellant as to cause living with him insupportable. Appellant, the husband, denied the allegations in the petition, and set up a cross-action asking for divorce on the ground of cruel treatment on the part of his wife. The divorce was granted to the wife.

The testimony was to the effect that sometime in 1879 the parties were united in marriage, and lived together as man and wife until 1896, when they separated. They had four children, the oldest being 16 years of age. According to appellee's version of the circumstances leading to the separation, appellant had in the night ordered their son to go into a field to get some corn for his horse. She objected to his going and a quarrel ensued, and while appellant was seated in a chair appellee struck him with a stick, and he then struck her on the head with a gun and cut a bad place on her head, fracturing the skull. A doctor came to see her, but he was not used as a witness.

Appellant admitted that appellee's head had been hurt, and that she had been knocked down, but differs as to the circumstances under which the blow had been given. He stated that he had been away from home and got back at night. He had told his son to have corn at the house for the horse when he returned, which the son had failed to do, and he ordered him to go after it. His wife told the boy not to go, and got the gun and said she would shoot him. They scuffled over the gun and during the struggle the gun was brought violently against her head, and knocked her down. The boy did not see the difficulty, but stated that his parents quarreled a great deal, and got along badly, and that he had at times heard his mother curse his father, but never heard him curse her. The doctor was not introduced to show the character of the wound, and it is improbable that the skull was fractured. We do not think that the evidence is sufficient to justify a divorce.

Upon the marriage contract the fabric of society is builded, and in this class of cases the law has made an exception and declares that a decree annulling the marriage contract "shall be rendered upon full and satisfactory evidence." Such is not the character of evidence in this case. It is undisputed that appellee provoked the difficulty, first by an improper interference with authority being properly exercised by the father over his son, then by violent language, and at last by striking him with a stick. He stated that the blow from the gun was the result of a struggle to prevent her from shooting him, and she does not deny it. She is in no position to demand a dissolution of the marriage contract. To use the language of Associate Justice Neill, speaking for this court in the case of Loring v. Loring, 17 Texas Civil Appeals, 95: "The party suing for a divorce must show ill treatment on the part of the other of such nature as to render their living together insupportable. If the plaintiff has wrongfully provoked such treatment as a natural consequence of her acts, she should not be permitted to predicate a divorce upon it. For in such case, the treatment is the consequence of her fault,

and by changing her conduct she may avoid the treatment it produces, and make living with her husband at least supportable. It is clear from the testimony in this case that the appellee provoked the assault, if such assault was made, by her own conduct. When her husband was chastising one of their children, she pushed him and tried to pull the child away from him. The chastisement being administered was not improper, and he was justified in using all reasonable and necessary force to protect himself against her interference in the proper chastisement of the child. Gorman v. State, 42 Texas, 221. The husband is the head of the family, and if his wife interferes with the moderate correction of their child, such interference being unwarrantable, she can not complain of the result of the scuffle which ensued."

In the case we are now considering, the conduct of the wife was much more outrageous and inexcusable than in the case about which the language above quoted was used. Appellant had ordered the boy to do a thing that does not appear to have been at all improper, and appellee interfered, and while appellant was seated in a chair, struck him with a stick, and then attempted to shoot him, and in the scuffle she was struck by accident or design, by the gun. As the fruits of the fight she made and lost, she has sought and obtained a decree of divorce. The testimony upon which it is based being far from "full and satisfactory," the decree can not stand.

Appellant insists that he is entitled to a divorce on his cross-bill, but we are of the opinion that the testimony is not of such a character as to entitle him to a divorce. The testimony shows that both parties were quarrelsome and unreasonable with each other, and that by the exercise of more patience and forbearance they can live together and rear their children as they should do.

The judgment of the District Court is hereby reversed, and judgment here rendered that neither of the parties take anything by their suits, but each be refused a divorce from the bonds of matrimony.

*Reversed and rendered.*