SMITH v. SMITH. (No. 254.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 4, 1917. Rehearing Denied Feb. 27, 1918.)

1. DIVORCE ⬨27(1)—GROUNDS—CRUELTY.
While a divorce will not be granted on the ground of cruel treatment, where the evidence falls short of full and satisfactory proof of such treatment and outrages as would render the further living together of the parties insupportable, yet it appearing that the defendant husband would leave home and stay away for as long as two months without letting his wife know where he was, and upon returning home would curse, abuse, and strike her, and would on occasions threaten to shoot her and cut her throat, divorce was properly granted on the ground of cruel treatment.

2. APPEAL AND ERROR ⬨1011(1)—REVIEW—FINDINGS.
A verdict or finding of fact by the trial court based on conflicting evidence will not be disturbed on appeal, where there was evidence in the record which, if believed, was sufficient to support it.

3. DIVORCE ⬨46 — CRUEL TREATMENT — GROUNDS.
Where a wife provokes her husband to cruel treatment, she cannot be granted a divorce on account of such treatment.

4. DIVORCE ⬨249(6) — DECREE—VALIDITY—COMMUNITY PROPERTY.
Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4634, declaring that the court pronouncing a decree of divorce from the bonds of matrimony shall also decree an order and division of the estate of the parties in such way as court may deem just, but that nothing shall be construed to compel either party to divest himself or herself of the title to real estate, the court on granting a divorce may by that decree provide for the use and occupancy of the homestead of the spouses by the wife and children of the marriage; such decree not depriving the husband of his title to the land.

5. DIVORCE ⬨298(1)—CUSTODY OF CHILDREN—INTERESTS OF CHILD.
The trial court in awarding custody of a minor child in divorce proceedings should be controlled and actuated solely by a consideration of the best interest of the child.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Suit for divorce by Josie Smith against H. W. Smith. From a judgment for plaintiff, defendant appeals. Affirmed.

Thos. N. Hill, of Beaumont, for appellant. W. W. Cruse, of Beaumont, for appellee.

HIGHTOWER, C. J. This was a suit filed by the appellee, Josie Smith, against the appellant, H. W. Smith, in the district court of Jefferson county, whereby appellee sought a decree of divorce from the appellant, her husband, on the grounds of cruel treatment. The treatment complained of may be briefly stated as follows: That during the past two years prior to the filing of the suit, appellant would leave home and stay for as long as one to two months, without letting appellee know where he was; that upon returning home, appellant would curse and abuse appellee, and on several occasions struck appellee with his fist; that about the time of the separation, appellant threatened to shoot appellee with a shotgun, and stated to her that he cared nothing for her any longer, and also threatened to cut her throat with a razor. Appellee alleged that such conduct on the part of appellant constituted unbearable cruelty toward her, and kept her in fear of her life, etc. The appellee also alleged that she and appellant owned a homestead, consisting of a house and lot located in the city of Beaumont, and described in her petition, and alleged to be of the probable value of $750; that there was one child, the issue of the marriage of herself and appellant, and who was a minor ten years of age, and whose name is Benjamin Smith. The prayer was for a decree of divorce and for the custody of the minor child, Benjamin Smith, and also that appellee be decreed the exclusive use and occupancy of the homestead for the maintenance and education and support of herself and minor child.

---

Appellant, in due time, answered and interposed general demurrer, special exceptions, and specially denied the allegations of cruelty in plaintiff's petition. Appellant further specially answered that the real purpose appellee had in bringing her suit, in addition to the prayer for divorce, was to obtain possession of the property belonging to appellant, which appellant had paid for by his own earnings, and when this was accomplished, to marry another man known as "Kinzie" or "Kennison." Appellant further alleged that his home life had been happy prior to the invasion of his home by "Kinzie" or "Kennison," while appellant was away from home, and at hard work; that he was a hard-working man, never drank, was moral in his habits, and indulged his wife and child in every comfort, always commanded good wages, which he turned over to his wife.

The case was tried before the trial judge, without a jury, who concluded and found that the material allegations in plaintiff's petition were true, and rendered judgment awarding the decree of divorce, as prayed, and further awarding the custody of the minor child, Benjamin Smith, to appellee, and further awarded the use and possession of the house and lot, constituting the homestead of the spouses, to appellee, for the support and maintenance of herself and minor child.

[1] The first assignment of error assails the judgment of the trial court in favor of appellee for divorce, on the ground that the evidence adduced was not legally sufficient to support such decree, but, on the contrary, affirmatively showed that appellee was not entitled to divorce. The proposition under this assignment is:

"A decree of divorce will not be granted on the ground of cruel treatment, where the evidence falls short of full and satisfactory proof of such excesses, cruel treatment, and outrages as would render the further living together of the parties insupportable."

We think that this proposition unquestionably announces a correct legal proposition, and the only question for our determination has been whether the evidence was sufficient to authorize a finding by the trial court that the acts of cruelty alleged in plaintiff's petition was committed, as were found by the trial court to have been committed. Unquestionably, if the allegations of the petition, as hereinbefore stated, were true in respect to the treatment complained of, they were of such nature as to justify the trial court, from a legal standpoint, in holding that appellee was entitled to a decree of divorce. We have gone over the evidence as found in the record, in connection with this assignment, and we find that while the evidence is in sharp conflict on this point, nevertheless, there is evidence in the record sufficient to sustain the finding of the trial court that the acts of cruelty alleged were, in fact, committed, substantially as alleged by appellee, and such being the situation, as

shown by the record, we have no alternative, but must uphold the finding of the trial court on this point, though, as an original proposition, we might be of the opinion that the evidence on the question preponderates against the trial court's finding.

[2] The rule well established in this state is that, where there is evidence in the record which, if believed by the trial court or jury, is sufficient to sustain a finding of fact, such finding is binding upon this court. Without discussing this evidence, which we think would be entirely unnecessary and unprofitable, we overrule this assignment of error. We will say, however, in doing so, that we have read the several authorities cited by counsel for appellant under this assignment, and while they sustain the legal proposition announced by him, they are not decisive of and do not control this assignment of error.

[3] The second proposition under this assignment also announces a correct proposition, to the effect that where it is shown in a divorce suit that the plaintiff wrongfully provoked the treatment complained of on the part of defendant, then she should not be permitted or allowed to predicate a divorce on such treatment. While, as stated, this is a correct proposition of law, yet we are met with the same trouble in the evidence, which shows a sharp conflict on this point, and, as already stated, it was the province of the trial judge and his duty to settle this conflict, and he has done so in favor of appellee, and there being evidence before him in support of his conclusion or finding on this point, it is binding upon this court.

[4] The second assignment of error challenges the action of the trial court in awarding the use and possession of the community homestead to appellee, for the support of herself and minor child. This assignment is submitted as a proposition. The second proposition under this assignment is, in substance, that when a decree of divorce has been rendered, and the marriage relation has been dissolved, the husband is under no legal obligation to support and maintain the wife, and his interest in the community estate cannot be set aside for that purpose. Article 4634, Vernon's Sayles' Texas Civil Statutes, provides:

"The court pronouncing a decree of divorce from the bonds of matrimony shall also decree and order a division of the estate of the parties in such a way as to the court, shall seem just and right, having due regard to the rights of each party and their children, if any: Provided, however, that nothing herein contained shall be construed to compel either party to divest himself or herself of the title to real estate."

In construing this statute, it has been held by the Supreme Court of this state that the trial court, upon rendering a decree of divorce between parties, may also by the same decree provide for the use and occupancy of the homestead of the spouses by the wife and children, as a means of their support

and maintenance, and that the trial court's decree in that respect is valid and proper when, in his judgment, the facts authorized such decree, and the trial court's action in that regard is binding upon the appellate court. The only limitation is, it seems, upon the authority of the trial court with reference to the community homestead of the spouses, that such decree shall not undertake and shall not have the effect to divest the title out of either of the spouses, either in form or substance. Kirkwood v. Domnau, 80 Tex. 645, 16 S. W. 428, 26 Am. St. Rep. 770; Holland v. Zilliox, 38 Tex. Civ. App. '416, 86 S. W. 38; Manufacturing Co. v. Swan, 43 S. W. 574. It will be seen from an inspection of these decisions that the trial `court in awarding a decree of divorce between spouses may lawfully decree that the use and occupancy of the community homestead shall be given to the wife and minor children, but that such decree shall not, either in form or substance, divest the husband of his title to one-half of the property. The decree in this case does not have the form or effect to divest the husband of his title to one-half of the community homestead, but simply provides that the right of the use and occupancy of the homestead shall remain in the appellee, the wife, and the minor child, Benjamin Smith. Of course, the court might have decreed otherwise, and might have divided the property equally, as to title between the spouses, but did not do so, and we are not authorized to say that the judgment of the court in this respect was unwarranted or improper, and the assignment is therefore overruled.

The third assignment complains that the court erred in not awarding a partition of the community homestead between the spouses. What we have said with reference to the second assignment disposes, necessarily, of this assignment.

[5] The fourth assignment complains that the trial court erred in awarding the custody of the minor, Benjamin Smith, to appellee. The contention under this assignment is that appellant was best fitted, morally and financially, to care for and rear the minor, Benjamin Smith, and that the best interests of the minor demanded that his custody be awarded to appellant. It is true that the trial court, in awarding the custody of the minor child, in proceedings of this nature, should be controlled and actuated solely by what the court considers for the best interests of the minor, and appellant's legal proposition to that effect is correct, but the court found as a fact, as is manifest from its judgment, that the best interests of the minor demanded that his custody be given to the appellee.

As stated with reference to the other questions of fact in this case, we cannot say that

the evidence adduced on the trial did not justify the judgment of the trial court in holding that the best interests of this minor required his custody to be given to the appellee. The whole thing before this court presents the question as to whether there was sufficient evidence before the trial court which, if believed by the court, could serve as a basis for the judgment of the court, either in decreeing the divorce between the parties, in awarding the custody of the minor, as the court did, and in awarding occupancy and use of the homestead of the spouses to the appellee, as he did, and we have concluded that there is evidence to support the judgment of the trial court in each particular, and that its action in each respect is therefore binding upon this court.

We find no error in the record for which this court would be authorized to reverse the judgment of the trial court, and its judgment is therefore affirmed.