## LAWSON v. LAWSON.   (No. 1512.)

Court of Civil Appeals of Texas.   Beaumont.
March 25, 1927.

**1. Divorce ⬅46—Divorce cannot be granted for misconduct provoked by spouse seeking divorce.**

Divorce cannot be granted for misconduct, where such misconduct was provoked by spouse seeking divorce.

**2. Divorce ⬅149—Where, in suit for divorce, evidence presented issue whether misconduct claimed was provoked by plaintiff, refusal to submit issue of provocation held error.**

Where, in suit for divorce, defendant's evidence tended to show that any misconduct on her part was occasioned by plaintiff, refusal to submit issue as to whether defendant's misconduct was provoked by plaintiff *held* error.

**3. Divorce ⬅127(3)—Divorce on practically uncorroborated testimony of complaining party, where defendant denied alleged wrongful acts held improperly granted (Rev. St. 1925, art. 4632.)**

In suit for divorce, where evidence for plaintiff rested almost entirely on his uncorroborated testimony, and where defendant denied wrongful acts and placed blame on plaintiff, evidence was not full and satisfactory, as required by Rev. St. 1925, art. 4632, and divorce based thereon was improperly granted.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

---

Suit by John Lawson against Janie Lawson for divorce. Decree for plaintiff, and defendant appeals. Reversed and remanded.

Howth, Adams & Hart, of Beaumont, for appellant.

O'Fiel & Reagan, of Beaumont, for appellee.

WALKER, J. The parties to this appeal are negroes. John Lawson sued his wife, Janie, for divorce, pleading specific acts of cruelty, which he alleged were such as to render their living together insupportable. Only one issue—"Considering all the evidence in the case, was the treatment by defendant of the plaintiff of such a nature as to render their living together insupportable?"—was submitted to the jury, which was answered in the affirmative, and upon which the court granted appellee a 'divorce.

[1, 2] The court erred in refusing the following special charge requested by appellant:

"Was the treatment on the part of the defendant towards the plaintiff provoked by any act or conduct on the part of the plaintiff toward the defendant?"

It is the law of this state that a divorce cannot be granted when the misconduct charged against the defendant was provoked by the plaintiff. Cunningham v. Cunningham, 22 Tex. Civ. App. 6, 53 S. W. 75; Loring v. Loring, 17 Tex. Civ. App. 95, 42 S. W. 642; Smith v. Smith (Tex. Civ. App.) 200 S. W. 1129. Appellant testified that she was a dutiful wife and that appellee was the aggressor in all their troubles. One of the principal acts charged against appellant, and the only one corroborated to the least extent, was that she and her daughter assaulted appellee, and that she cursed and abused him in the vilest manner. He explained his part in this trouble by saying that he was giving appellant's daughter by a former marriage a needed whipping, using a small switch. She said that she found appellee whipping her daughter with the butt end of a buggy whip and that when she interfered he knocked her down and choked her. We mention this as only one instance showing that appellant's conduct towards appellee, whatever it was, according to her theory of the case, was provoked by appellee. The issue, being in the case, should have been submitted to the jury. Southern Kansas R. Co. v. Wallace (Tex. Com. App.) 206 S. W. 505.

[3] The evidence in this case was not "full and satisfactory" (article 4632, Revised Statutes 1925), as that term has been defined. Appellee's case rested almost entirely on his uncorroborated testimony. Appellant, as a witness in her own behalf, denied every wrongful act charged against her and placed all the blame upon appellee. There is nothing in the record to show that appellee was a more credible witness than appellant. It has been held, and we think correctly, that a divorce should not be granted upon the uncorroborated testimony of the complaining party, especially when the defendant denies the wrongful acts and places all the blame upon the plaintiff, as the appellant did in this case. Blake v. Blake (Tex. Civ. App.) 263 S. W. 1075; Hubbard v. Hubbard (Tex. Civ. App.) 231 S. W. 160; Lohmuller v. Lohmuller (Tex. Civ. App.) 135 S. W. 751.

Reversed and remanded.