Vanita HARBORD, Appellant,

v.

Leonidas HARBORD, Appellee.

No. 3998.

Court of Civil Appeals of Texas.

Eastland.

Nov. 26, 1965.

Rehearing Denied Dec. 17, 1965.

J. Leonard Gotsdiner and Ranseler O. Wyatt, Houston, for appellant.

James S. Kelly, Houston, for appellee.

WALTER, Justice.

Leonidas Harbord filed suit against his wife for a divorce. The court granted him a divorce and his wife has appealed.

She contends the court erred in rendering judgment for a divorce because all alleged acts of cruelty were condoned; that the judgment is contrary to the great weight and preponderance of the evidence; that there is no evidence to support the alleged grounds of cruel treatment, and because the appellee was guilty of recrimination, as a matter of law.

The parties were married on or about September 22nd, 1961 and lived together about sixteen months.

Appellee testified that shortly after their marriage his wife commenced a course of behavior that was characterized by constant arguing and nagging; that such arguments became progressively more violent and bitter; that his wife used profanity and scurrilous language; that such conduct irritated his intestinal disorder.

Appellee further testified substantially as follows:

The last time I separated from my wife was some time in May '64, after we had made a trip to Galveston; I had sexual relations with my wife while we were in Galveston; I stayed all night with my wife one time since the Galveston trip—that was on June 8, 1964. We had sexual relations on the night of June 8th. From June 8, 1964, until I filed my suit for divorce on June 23, 1964, I had "no relationship with her at all."

A Doctor Gordon testified that emotional stress should be avoided by appellee.

The record does not show any new acts of cruelty between June 8, 1964 and the filing of this suit. Appellee voluntarily resumed cohabitation after he separated from his wife. We find from the facts and circumstances set out above and other testimony in the record that all of the alleged acts of cruel treatment were condoned by the appellee. Appellant's points are sustained. The judgment is reversed and judgment is rendered denying appellant a divorce.

Judgment reversed and judgment rendered for appellant.