Joseph Albert SHAW, Appellant,

v.

Lula Mae SHAW, Appellee.

No. 14488.

Court of Civil Appeals of Texas.

San Antonio.

May 4, 1966.

Evans & Marshall, San Antonio, for appellant.

Rudy Rice, M. C. Whitehead, San Antonio, for appellee.

BARROW, Justice.

This is a divorce suit. Appellant, Joseph Albert Shaw, appeals from a judgment of divorce granted appellee, Lula Mae Shaw, after a non-jury trial on the ground of harsh and cruel treatment. Findings of fact and conclusions of law were filed by the trial court.

Appellant urges that there is not full and satisfactory evidence that he has been guilty of excesses, cruel treatment or outrages toward appellee of such nature as to render their living together insupportable, so as to entitle appellee to a divorce under Art. 4629, Subd. (1), Vernon's Ann.Civ.St. Appellant also complains of the trial court's finding that he is not a fit person to have the custody of their minor children, and that the property settlement is too indefinite for performance and, further, is not just or equitable.

It is fundamental that a divorce should not be granted by the trial court or permitted to stand by an appellate court unless the evidence is full and satisfactory. It therefore is the duty of this Court to examine the entire record, to determine whether the evidence is full and satisfactory and of a nature to justify and support the decree granting the divorce. In doing so, however, we must not lose sight of the fact that the trial court alone had the vantage of having the personal presence of the parties before him and the opportunity to observe their demeanor and pass upon their credibility. Barrett v. Barrett, Tex.Civ.App., 368 S.W.2d 709; Christen v. Christen, Tex.Civ.App., 333 S.W.2d 472; Dickey v. Dickey, Tex.Civ.App., 290 S.W.2d 933; Robinson v. Robinson, Tex.Civ.App., 235 S.W.2d 228.

These parties were married in 1954 and separated about July 30, 1963. Five children were born of this marriage. This suit was filed in October, 1964, and heard in October, 1965. The trial court found as a basis for granting the divorce that appellant failed to provide the necessities of life, such as food and clothing, for the children and that he kept company with another woman prior to the separation. It was found that these acts constituted cruel and inhuman treatment of such a nature as to render the parties' further living together insupportable.

The record supports the finding of the trial court that appellant was keeping company with another woman and that this conduct was a sufficient ground for divorce. The testimony was disputed as to the relationship of appellant with this woman by the name of Thelma. Appellant admitted that he went places with her, but testified that he did so in the form of charity, in that he carried Thelma to the hospital and also assisted her in obtaining welfare payments. He denied any improper relationship with her.

Appellee testified that this woman lived in an apartment in a hotel managed by appellant and that Thelma cooked and cleaned for appellant. Appellee further testified that her husband and Thelma were together many times, and on one occasion Thelma was in appellant's car while improperly dressed. When appellee protested

to appellant about his running around with Thelma, appellant refused to stop and said he was not a kid and knew what he wanted to do. He advised appellee to get her divorce, and said he would not live with appellee if she were the last woman on earth. Appellant and appellee had violent arguments over this woman. Appellee testified that she desired a divorce because she was embarrassed by appellant's running around with the other woman.

■ In McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459, the Supreme Court set forth the applicable rule: "We therefore hold that the excesses, cruel treatment, or outrages provided in our statute as a ground for divorce are sufficient if they are of such a nature as to render further living together insupportable, and that without regard to whether such treatment is of such a nature as to threaten the impairment of the physical health of the wife." It is difficult to lay down a general rule as to what constitutes cruel treatment, since each case must largely be determined by its own particular facts. However, the courts have heretofore upheld the granting of a divorce because of the husband's conduct in associating with other women although there was no charge or proof of immoral conduct. See Parker v. Parker, Tex.Civ.App., 165 S.W.2d 926; Pavell v. Pavell, Tex.Civ.App., 168 S.W.2d 288.

Appellant urges that appellee's own actions in offering to take him back demonstrate that his conduct had not been of such a nature as to render their further living together as man and wife insupportable. Appellee admitted that she advised appellant she would drop the case if he would buy her a Mustang automobile. She explained that she said this to get appellant to leave her alone, and there was no expectancy that he would accept this proposal or that she would go through with a reconciliation. Appellant does not urge the defense of condonation was thereby established, and the trial court apparently accepted appellee's explanation of this offer.

■ It is our opinion that the trial court was justified in granting this divorce under the testimony of appellee relative to appellant's conduct with another woman and his response to appellee's protests of this conduct. It is therefore unnecessary to discuss the evidence relative to appellant's support of his family.

■ The trial court found that appellee was a fit and proper person to have the custody of the minor children, ages eleven, nine, six, six and four, and awarded her the temporary custody subject to appellant's right to visit the children at reasonable times and places. Appellant does not complain of these findings as to appellee's fitness or of the awarding of custody to appellee. He does complain of the trial court's finding of fact that he is not a fit and proper person to supervise, control and educate, guide and care for the minor children. He urges that this finding is without pleading or evidence. It is apparent from the record that the appellee's right to custody was not disputed by appellant. The finding of appellant's lack of fitness was apparently disregarded by the trial court in that it is not contained in the judgment and is immaterial to the awarding of custody of these small children to their mother. Any error in this finding is harmless. Rule 434, Texas Rules of Civil Procedure.

The trial court found that the parties owned the following community property: A residence located at 124 Gonzales St., in San Antonio, Bexar County, Texas; a lot located on Yucca St., in San Antonio, also described as "Lot 23, Lot 29, San Antonio, Bexar County, Texas;" a 1956 Buick automobile; three apartment houses located at 119 Heiman, 122 Heiman and 126½ Gonzales. Appellant was awarded the three apartment houses as his separate property and appellee was awarded the other items as her separate property.

■ Appellant asserts that the judgment provision awarding appellee "various household goods" is too indefinite for perform-

ance. We sustain this assignment. There is no description of the goods and they are not identified by any specific location. Furthermore, there is no evidence in the record whereby we can supply an adequate description. This provision must be stricken from the judgment because of uncertainty. Hudson v. Hudson, Tex.Civ.App., 217 S.W.2d 694; 20 Tex.Jur., Divorce & Separation, § 249.

Appellant also urges that the property settlement is not complete in that two trucks owned by him are not mentioned in the decree. There are no pleadings relative to any trucks, however, there is evidence that appellant owned two trucks which he used in his septic tank business. Appellee by reply brief waives any interest in these trucks.

Appellant asserts that in any event the property settlement is not fair and equitable. He urges that he was awarded the three apartment houses, however, under the uncontradicted evidence, these houses are being bought under contract of sale and there is only about a three or four thousand dollar equity in all three units. It is seen that the residence on Gonzales Street and the Yucca Street lot, which were awarded to appellee, are also being bought on time and appellee is obligated to continue the payments. We cannot say that the trial court abused its discretion in this property division, particularly in view of the appellee being given the custody of the five minor children.

The judgment of the trial court is reformed to strike the award to appellee of "various household goods," and to award appellant all interest in the 1950 Chevrolet pick-up, and the 1949 GMC truck in his possession. In all other respects the judgment is affirmed. The costs of the appeal are taxed two-thirds against appellant and one-third against appellee.