Jerry Lynn **WOODS**, Appellant,

v.

Jo Frances **WOODS**, Appellee.

No. 16855.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 6, 1967.

Rehearing Denied Nov. 3, 1967.

Hooper, Steves & Kerry and Henry E. Kerry, Jr., Fort Worth, for appellant.

Curry & Curry and Tim C. Curry, Fort Worth, for appellee.

## OPINION

RENFRO, Justice.

This is a divorce case.

The plaintiff-appellee is Jo Frances Woods. The defendant-appellant is Jerry Lynn Woods. The divorce was granted on February 17, 1967.

The defendant, having left the State for Sweden with the minor daughter of the parties in violation of a court order, did not testify.

In answer to special issues the jury found: No. 1, Jerry Lynn Woods has been guilty of excesses, cruel treatment or outrages toward plaintiff; No. 2, such conduct was of such a nature as to render their further living together insupportable; and No. 3, such conduct on the part of defendant was brought on and provoked by acts and conduct of plaintiff.

On motion of plaintiff the court disregarded the jury's answer to issue No. 3 and awarded a divorce and custody of the child to plaintiff.

In nine related points of error the defendant protests the action of the court in disregarding the answer to issue No. 3.

The judgment, referring to plaintiff's motion to disregard issue No. 3, recites: "* * * and the Court having heard and considered such motion, the evidence and argument of counsel, and being of the opinion that there was no evidence to raise said issue, that the jury finding and answer has no support in the evidence, and that such motion should be granted * * *" and further, "The Court finds that the evidence of misconduct upon the part of the wife after reconciliation was very slight and unsatisfactory, and was not of the same degree or of the same general character as the misconduct of the defendant, and that such evidence on behalf of the plaintiff was not sufficient evidence of misconduct upon the part of the plaintiff on which to base an affirmative answer to Special Issue No. 3, * * *."

No issue was given or requested on reconciliation.

Over a period of several months plaintiff had frequently had dates with one Gregory. Although she was with Gregory during the first week in June, 1966, she testified that after her last date with Gregory she broke off with him and had a reconciliation with

defendant and lived with him as husband and wife; that since the reconciliation she had not been out with Gregory, nor had any communication with him; that after the reconciliation defendant resumed his conduct of physical and mental abuse. She filed the current suit on September 7, 1966, or approximately three months after the reconciliation. In other testimony she testified that the reconciliation took place on June 1, and she admitted that she spent two hours in a motel room with Gregory on June 5. There is other evidence she was with Gregory after the middle of June. After June 5, plaintiff, in the presence of her pastor and a family friend, confessed her love for Gregory. In response to defendant's plea for a reconciliation she told him to just leave her alone.

Plaintiff's credibility as a witness and the weight to be given her testimony were matters for jury determination.

We think there can be no doubt there was some evidence of probative force from plaintiff, as well as of other witnesses, to support an affirmative answer to issue No. 3. The court erred in disregarding such answer.

Under the law as pronounced in such cases as Loring v. Loring, 17 Tex.Civ. App. 95, 42 S.W. 642 (1897); Lawson v. Lawson, 293 S.W. 336 (Tex.Civ.App., 1927); Smith v. Smith, 200 S.W. 1129 (Tex.Civ. App., 1918); and Franzetti v. Franzetti, 120 S.W.2d 123 (Tex.Civ.App., 1938), the divorce plea should have been denied or a new trial granted.

In the Loring case, supra, the court said: "The party suing for a divorce must show ill treatment on the part of the other of such a nature as to render their living together insupportable. If the plaintiff has wrongfully provoked such treatment as a natural consequence of her acts, she should not be permitted to predicate a divorce upon it; for in such a case the treatment is the consequence of her fault, and, by changing her conduct, she may avoid the treat-

ment it produced, and make living with her husband, at least, supportable."

Since the question of reconciliation was not fully or satisfactorily developed, we think justice will be better served by a remand for a new trial rather than a rendition of judgment for defendant.

Reversed and remanded.