**Carolina WENTWORTH, Appellant,**

v.

**Douglas H. WENTWORTH, Appellee.**

**No. 14825.**

Court of Civil Appeals of Texas, San Antonio.

Dec. 17, 1969.

Robert O'Conor, Jr., Nat B. King, Laredo, for appellant.

John E. Fitzgibbon, Laredo, for appellee.

BARROW, Chief Justice.

This is a divorce suit. Appellant, Carolina Wentworth, appeals from a judgment of divorce granted appellee, Douglas H. Wentworth, after a jury trial, on the ground of harsh and cruel treatment.[1] The jury found: 1. The acts and conduct of appellant toward appellee were of such a nature as to render their further living together insupportable. 2. Appellee had not forgiven such acts prior to the filing of such suit on May 20, 1968.

Appellant asserts on this appeal that the jury finding of cruel treatment is not supported by full and satisfactory evidence. In any event, the appellee condoned all acts of cruelty by thereafter living with her in the same house and having sexual relations with her. She urges in the alternative that even if the divorce is granted appellee, the judgment should be reversed and remanded as to the property division, in that she was not awarded any part of appellee's future military retirement pay. No reply brief was filed by appellee.

Appellee is a sergeant in the United States Air Force and had approximately seventeen years of service at the time of the trial, the last four years of which were at the Laredo Air Force Base. The parties were married on September 1, or October 1, 1966, in Laredo, Texas. At that time, appellant was occupying a house which she was paying for in monthly installments. Appellee alleged that the couple separated about February 1, 1967, because of the un-

1. Art. 4629(1), Vernon's Ann.Civ.St.

kind, harsh and tyrannical conduct of appellant towards him. Both parties testified that the marital relationship was marred after a few weeks by arguments although the cause of same is disputed. The testimony of appellant is that the arguments were unilateral in that she did not believe in fighting with one's spouse and she would pray whenever appellee lost his temper or would argue. Regardless of the cause, the parties separated after about two months and appellee began living in the barracks on the base. He lived on the base thereafter with the exception of two periods of about one week each when the parties were reconciled. These periods occurred prior to February 1, 1967.

Although we have serious doubts as to whether the evidence supports a finding that appellant was guilty of cruel treatment within the meaning of the statute,[2] it is unnecessary to detail the evidence or to consider this point, in that under the undisputed evidence the conduct was condoned by appellee as a matter of law. Appellant testified to a rather unsual arrangement subsequent to their final separation after appellee moved to the base. She testified that appellee returned to her home each weekend and lived with her as man and wife from Friday to Sunday. She permitted such an arrangement because of her religious opposition to divorce as well as her love for appellee and her hope that the marriage could be saved. She testified that appellee's last visit occurred just eight days before the divorce petition was filed and without any unusual incident to mar this happy conjugal relationship.

Appellee denied that he visited the home every weekend, but admitted that he went to appellant's house about once a month. He testified that she allowed him to come home about once a month, and that after performing numerous chores he would usually go to bed with her. He admitted this last visit occurred about a month be-fore the petition was filed. This was about May 1st and long after the alleged date of separation. He did not testify to any subsequent acts of cruelty which would have nullified such condonation. See Harbord v. Harbord, 397 S.W.2d 959 (Tex.Civ. App.—Eastland 1965, no writ); Bippus v. Bippus, 246 S.W.2d 502 (Tex.Civ.App.— San Antonio 1952, no writ).

The judgment of the trial court is reversed and here rendered denying appellee a divorce from appellant.

---

2. Webster v. Webster, 442 S.W.2d 786 (Tex.Civ.App.—San Antonio 1969, no writ); Shaw v. Shaw, 402 S.W.2d 821 (Tex.Civ.App.—San Antonio 1966, no writ).