# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00288-CV

**L. M. Guerrero & Sons Pumping Company, Inc. and Larry Robert Guerrero, Appellants**

**v.**

**Texas Department of Motor Vehicles, Texas Direct Auto, Lydia Guerrero, and William Satterwhite, Appellees[1]**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. D-1-GN-10-003448, HONORABLE GUS J. STRAUSS, JR., JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

The dispute in this case stems from a divorce between Larry Mottu Guerrero and Lydia Guerrero, which occurred in Wharton County.[2] After the divorce decree was issued, Lydia applied to have title to a motor vehicle transferred to her, which the Texas Department of Motor Vehicles (the "Department") approved. According to the pleadings in this case, subsequent to receiving title to the vehicle, Lydia transferred title to William Satterwhite, who later sold the vehicle to Texas Direct Auto.

---

[1] The appellants' brief in this case also lists Larry Mottu Guerrero as an appellee. Larry Mottu Guerrero appears to have been named as a third-party defendant by William Satterwhite, but the record requested by the parties does not contain pleadings naming Larry Mottu Guerrero as a party. Moreover, no docketing statement was filed, and he was not named in the notice of appeal. Accordingly, we do not include him as an appellee in this case.

[2] Due to the fact that two of the individuals involved in this case share identical last names and first names, we will refer to those individuals by a combination of their first and middle names for ease of reading.

Approximately one year after Larry Mottu and Lydia Guerrero were divorced, L.M. Guerrero & Sons Pumping Company (the "Company") filed the underlying lawsuit against the Department, Texas Direct Auto, Lydia, Satterwhite, and Larry Mottu. Although Larry Robert Guerrero is listed as an appellant in this case, most of the allegations pertain to the Company and not Larry Robert. For that reason, we will generally only refer to the Company in this opinion.

The current suit was filed in Travis County. In its petition, the Company alleged that it was the owner of the vehicle and that it had obtained title to the car two years before the divorce decree was issued. Accordingly, the Company sought a declaration that the certificates of title issued to Lydia and to Satterwhite and transferred to Texas Direct Auto are void and that the Company has title to the vehicle as well as a declaration that the portion of the divorce decree awarding ownership of the vehicle to Lydia is void. In addition to its declaratory requests, the Company sought claims for conversion, for trespass to personalty, and for violations of the theft liability act.

After the Company filed its petition, Satterwhite filed a plea to the jurisdiction asserting that the district court should dismiss all of the Company's claims because the district court did not have jurisdiction to declare provisions of the divorce decree void. In response to the plea, the Company filed a response, and the district court convened a hearing regarding the plea. Ultimately, the district court granted the plea, dismissed all of the Company's claims, and explained that the Wharton County District Court is the "proper venue to determine ownership of vehicle."

On appeal, the Company challenges the propriety of the district court's order granting Satterwhite's plea to the jurisdiction.[3]

---

[3] We note that none of the named appellees filed a brief in this case.

2

Deciding whether a trial court has subject-matter jurisdiction and whether a plaintiff has "alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction" are questions of law that appellate courts review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *University of N. Tex. v. Harvey*, 124 S.W.3d 216, 220 (Tex. App.—Fort Worth 2003, pet. denied). Generally speaking, a "plea should be decided without delving into the merits of the case," but the claims may provide "the context in which a . . . plea is raised." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). When reviewing the ruling on a plea, appellate courts consider the evidence pertaining to the jurisdictional inquiry and construe the pleadings in the plaintiff's favor. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). For pleas challenging the pleadings, reviewing courts determine whether the "pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case." *Millee-Jackson Joint Venture v. Dallas Area Rapid Transit*, 350 S.W.3d 772, 785 (Tex. App.—Dallas 2011, no pet.). If the "plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded an opportunity to amend." *Brown*, 80 S.W.3d at 555. "On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend." *Id.*

With the preceding in mind, we turn to the claims presented to the district court. As summarized above, the Company sought a declaration that the portion of the divorce decree pertaining to the vehicle in dispute is void. When making this claim, the Company asserted that it acquired ownership of the vehicle at issue several years before the decree issued and that the vehicle was, therefore, not part of the marital estate. Accordingly, the Company alleged that the Wharton

3

County District Court did not have jurisdiction over the vehicle. Moreover, the Company contended that it was not a party to the lawsuit and that, therefore, the Wharton County District Court also did not have jurisdiction over it. For these reasons, the Company argued that the portion of the decree awarding Lydia ownership of the vehicle could be collaterally attacked. *See Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973) (explaining that judgments are void and subject to collateral attack if rendering court had "no jurisdiction of the person of a party or his property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court"); *Wagner v. D'Lorm*, 315 S.W.3d 188, 192 (Tex. App.—Austin 2010, no pet.) (quoting *Sierra Club*).

Assuming without deciding that the divorce decree from Wharton County could be collaterally attacked in the district court, we do not believe that the decree is subject to a collateral attack in the circumstances present here. First, we note that the decree only generally refers to a "2006 Cadillac Sedan" without providing additional identifying information. Accordingly, it is not entirely clear that the decree could have awarded ownership under these circumstances. *Cf. Shaw v. Shaw*, 402 S.W.2d 821, 823-24 (Tex. Civ. App.—San Antonio 1966, no writ) (concluding that provision awarding household goods was too indefinite and uncertain). More importantly, the divorce decree did not actually award ownership to any party. While it is true that the decree mentions a vehicle in a subsection subtitled as "Property to Wife," the decree also states right above that section that "[t]he court is unable to determine whether certain property interests exist. The court makes no finding regarding the existence of those interests. To the extent that the parties may be later determined to have a community property interest in the following items, the court awards the property as follows." In other words, the decree did not actually award ownership interests to any

4

of the listed property and stated only that the parties could be awarded ownership interests if they later provided a showing that they were entitled to the property. There is no indication in the record that Lydia made any attempt to provide evidence showing that she was entitled to the 2006 Cadillac listed in the decree. Accordingly, we cannot agree with the Company's assertion that the divorce decree is void because it improperly exercised jurisdiction over the vehicle.

In light of the preceding, we overrule the portion of the Company's issue on appeal concerning the divorce decree.

Turning to the Company's other request and causes of action, we believe that the pleadings alleged sufficient facts demonstrating that the district court in the underlying case had jurisdiction. As a preliminary matter, we note that we are not faced with determining whether the Company filed its suit in the proper venue; on the contrary, we are simply asked to determine whether the Company alleged facts supporting causes of action over which the district court has jurisdiction. *See Gordon v. Jones*, 196 S.W.3d 376, 383-84 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (explaining that venue concerns where suit may be brought and is not jurisdictional and that objections to improper venue may be waived); *cf. Twyman v. Twyman*, No. 01-08-00888-CV, 2009 Tex. App. LEXIS 3327, at *15 n.6 (Tex. App.—Houston [1st Dist.] May 14, 2009, no pet.) (mem. op.) (refusing to consider venue challenge in conversion case "because no venue challenge was made to the trial court"). Moreover, the Company filed its claims in a district court, which is a court of general jurisdiction empowered with "exclusive, appellate, and original jurisdiction of all actions" unless provided otherwise by the Texas Constitution or other governing law. *See* Tex. Const. art. V, § 8; *see also* Tex. Gov't Code §§ 24.007-.008 (explaining that district courts may "determine any cause that is cognizable by courts of law or equity"). In fact, district courts are

presumed to "have subject matter jurisdiction unless a contrary showing is made." *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002).

As discussed previously, in its petition, the Company alleged that it acquired ownership of the vehicle a few years before the divorce decree was entered. In addition, the Company asserted that Lydia sought a writ of execution for the vehicle, wrongfully entered the Company's property without permission, "stole" the vehicle, applied for and obtained a certificate of title from the Department, and gave Satterwhite the power to sell the vehicle. In addition, the Company contended that Satterwhite sold the vehicle and transferred title to Texas Direct Auto. Finally, the Company urged that it attempted to prevent Lydia from selling the vehicle after she improperly took it by filing a complaint with the Wharton County Sheriff's Department and that it made a demand that the vehicle be returned but received no response.

Reading these allegations liberally in favor of the Company, we believe that the Company has alleged facts demonstrating the district court's jurisdiction (1) over its request for a declaration that the Company owned the vehicle and that the titles given to Lydia and Satterwhite are void and (2) over its claims for conversion, trespass to personalty, and violations of the theft liability act. *See* Tex. Civ. Prac. & Rem. Code § 37.004 (stating that under the declaratory judgments act, person "interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by . . . contract" may request "any question of construction or validity arising under the instrument . . . [or] contract" and may obtain declaration of his "rights, status, or other legal relations thereunder"); *id.* §§ 134.002(2), .003(a) (containing provisions of theft liability act, providing that person "who commits theft is liable for the damages resulting from the theft," and defining "theft" as including "unlawfully appropriating property");

6

*Wells Fargo Bank Nw., N.A. v. RPK Capital XVI, L.L.C.*, 360 S.W.3d 691, 699 (Tex. App.—Dallas 2012, no pet.) (explaining that to establish conversion claim, plaintiff must show that he owned or had legal possession of property, that defendant unlawfully exercised dominion and control of property to exclusion of plaintiff's rights, that plaintiff demanded return of property, and that defendant refused to return property); *Palma v. Chribran Co., L.L.C.*, 327 S.W.3d 866, 868 n.2 (Tex. App.—Beaumont 2010, no pet.) (relating that trespass to personalty "is an injury to, or interference with, possession, unlawfully, with or without the exercise of physical force").

Having determined that the Company's petition alleged facts demonstrating the district court's jurisdiction over its remaining declaratory request and claims for conversion, trespass to personalty, and violations of the theft liability act, we sustain the remainder of the Company's issue on appeal.

In light of our prior determinations, we affirm the portion of the district court's order dismissing the Company's request for a declaration voiding portions of the divorce decree but reverse the remainder of the district court's order dismissing the remaining claims and request for declaratory relief.  Further, we remand this case for proceedings consistent with this opinion.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed in part; Reversed and Remanded in part

Filed:   August 7, 2013

7