### GOMEZ v. GOMEZ.
### No. 4761.

Court of Civil Appeals of Texas. Eighth District.

Dec. 6, 1950.

Bismark Pope, Laredo, for appellant.

E. James Kazen, Laredo, for appellee.

PRICE, Chief Justice.

This is an appeal by Alicia Arce Gomez from a judgment of the District Court of Webb County, 49th Judicial District, whereby her husband, Juan Gomez, as plaintiff was awarded a divorce from her. Trial was to the court with a jury. One special issue was submitted, as follows: "Do you find from a preponderance of the evidence that defendant, Alicia Gomez, has been guilty of such excesses, outrages and conduct toward the plaintiff, Juan Gomez, as to render their further living together insupportable, which term means unbearable?" The answer of the jury was in the affirmative and judgment was entered granting the divorce. There were no children born of the marriage and the decree settles no property rights.

The Special Issue was in form a practical paraphrase of Section 1 of Article 4629, R.C.S., Vernon's Ann.Civ.St. art. 4629(1). A reference to plaintiff's amended petition discloses that cruel treatment as provided for in said Section 1 of said Article is relied upon as ground for the divorce in his favor. Defendant answered by a general denial.

Appellant, Mrs. Gomez, assails the decree, in substance charging that same was not rendered upon full and satisfactory evidence as required by Art. 4632. Her points of error are as follows: (1) The evidence of plaintiff as to cruel treatment was wholly insufficient to sustain a divorce; (2) The court should not have submitted the case to the jury, but having done so, the plaintiff's evidence not being full and satisfactory, should have disregarded the verdict and denied the divorce; (3) The conduct

of the parties toward each other was mutual, amounting to recrimination; (4) Any cruel treatment, if such existed, was condoned.

Plaintiff and defendant were married January 1, 1947, and finally separated on November 2, 1949. Plaintiff was about 24 years of age on the date of the marriage and defendant about 22. In May, 1949 the parties separated the first time and plaintiff filed suit for divorce. This suit was dismissed and the parties resumed marital relations. Plaintiff testified that on many occasions defendant would become angry without cause; a lot of times when she asked for money he gave it to her and she would tear it up, once a $20 bill and on another occasion two $20 bills; in the afternoon when he came home from work and she was not there, she would come back at 9:30 or 10 o'clock and he would ask her where she had been and she would refuse to tell him; on a lot of occasions when he would tell her it was time to go to bed she would tell him it was not time to go to bed and she would keep him awake, and she would open the doors of the house and would light the lights, besides that she would take dirt from the ground and throw it on the bed where he was lying; on several occasions she threw some objects at him, one of them being scissors; she stabbed him with scissors in the left shoulder; it hurt. It occurred about the middle of August last year (1949, it was thought); a lot of times she would come to bed with knives and sleep with knives under the mattress; she would take anything at hand to throw at him;—she threw an iron at him—this was about the 1st day of March. She hit him on the shoulder; it hurt. It hurt for about two weeks; when he would come home and find his wife out she wouldn't tell him where she had been; that he felt it was impossible to get along with his wife. On cross-examination he testified their first separation was in May, that the iron and the stabbing took place before May 1st; at the time they had a reconciliation he forgave everything; that she stabbed him with the scissors after the first reconciliation. The witness Audelia Arce, a relative of defendant, testified that she was present at two quarrels between plaintiff and defendant; that she stood between them so that they would not come to blows; that she held Mrs. Gomez; that on one occasion Alicia jumped on Juan (the plaintiff); she never saw defendant throw anything at plaintiff. Defendant said she did not throw scissors at him; she never threw an iron at him; that she never went out without permission, she always complied with her obligations and he was unjust; that she was willing and ready to live with him again if he will change; she never tore up any money that he gave her; that they have been quarreling ever since they were married.

The defendant did not plead condonation of the acts of cruelty he charged against her, which action it is but fair to say she denied. It is thought, however, that the issue arises in a measure from plaintiff's petition. They separated in May, the divorce suit was withdrawn and they resumed marital relations. This marriage has subsisted for a relatively short time, and harmony between the two parties seems to have been utterly lacking.

Where a divorce is sought on the ground of cruelty as defined in Section 1 of Art. 4629, a cause of action is established if it appears from the evidence with the degree of certainty required by Art. 4632 that the charged acts of cruelty occurred and the same rendered insupportable to the party aggrieved the further continuance of marital relations. McCullough v. McCullough, Tex.Com.App. 120 Tex. 209, 36 S.W.2d 459. The opinion in this case was expressly adopted by the Supreme Court.

A verdict of a jury finding cruelty in order to justify a divorce must be fortified by the finding of the trial judge that the evidence establishing the acts of cruelty and their effect is full and satisfactory. Art. 4632, R.C.S.; Moore v. Moore, 22 Tex. 237; Smith v. Smith, Tex.Civ.App., 218 S.W. 602; Lindsey v. Lindsey, Tex.Civ. App., 228 S.W.2d 878.

The Court of Civil Appeals has the power and duty to pass upon the issue as to whether or not the evidence is full and

944

satisfactory. Mayen **v.** Mayen, Tex.Civ. App., 177 S.W.2d 240, and cases there cited. In the discharge of this duty by this court it is thought that there is not power to pass upon the credibility of witnesses. Mayen v. Mayen, supra.

 Evidence may be full and satisfactory even though it is not uncontradicted. It may have this quality under Art. 4632 even though the evidence be only the uncorroborated testimony of one of the spouses contradicted by the other. Mayen v. Mayen, supra; Mortenson v. Mortenson, Tex.Civ.App., 186 S.W.2d 297, 299; Humphreys v. Humphreys, Tex.Civ.App., 200 S.W.2d 453; Harrell v. Harrell, Tex. Civ.App., 206 S.W.2d 109; Moore v. Moore, Tex.Civ.App., 213 S.W.2d 724.

In this case there is evidence by the plaintiff of assaults and batteries inflicted upon him by the defendant and of other indignities such as the destruction of two $20 bills, but it is claimed by appellant that if such misconduct there was, it was condoned by the appellee by the resumption of the marital relations in May, and their continuance until November. Condonation is tentative and conditional. It is effective so long as the particular act is not repeated and if the particular act complained of is repeated condonation relative thereto is no longer effective. The condonation is further conditioned on the treatment of the injured party with conjugal kindness and consideration in the future, and if this is not the case the former acts of cruelty are revived. Barta v. Barta, Tex.Civ.App., 283 S.W. 201. In our opinion, assuming the acts of cruelty occurred as testified by appellee, after the resumption of marital relations in May, there was sufficient evidence to justify a finding that the conduct of appellant was sufficient to revive the misconduct conditionally forgiven. This court is not bound by the finding of the trial judge as to the quality and character of the evidence. Even though this court were not bound by such finding, it should be viewed with respect and deference. In our opinion the evidence is of such character as justifies the divorce and it complies with the requirements of Art. 4632.

No error appearing in the record it is ordered that the judgment of the trial court be in all things affirmed.