**Jay Russell WEBSTER, Appellant,**

**v.**

**Katherine Ann WEBSTER, Appellee.**

No. 14789.

Court of Civil Appeals of Texas.

San Antonio.

June 11, 1969.

Benjamin D. Lucas, San Antonio, for appellant.

Grant & Tippins, San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal from a decree of divorce rendered after a non-jury trial. Appellee was granted a divorce, custody of the couple's two minor daughters, child support of $60.00 per month, and approximately one-half of the community estate, including an interest in payments appellant might subsequently receive from his military retirement. Appellee was also awarded $475.00 for her attorney's fee.

■ Appellant asserts five points of error wherein he complains of three parts of the decree: the granting of the divorce; the division of his retirement pay; and the award for attorney's fee. He urges at the outset that appellee failed to prove a cause of action for divorce. As a cross-point, appellee says that appellant cannot assert this point in that appellant did not complain of this alleged error in his motion for new trial. We overrule this cross-point. It is now settled that where a motion for new trial is filed after a non-jury trial, appellant is not restricted to those assignments of error urged in his motion for new trial. Boswell v. Handley, 397 S.W.2d 213 (Tex.Sup.1966); Hoge v. Lopez, 394 S.W.2d 816, 817 (Tex.Civ.App.—San Antonio 1965, no writ).

■ It is fundamental that a divorce should not be granted by the trial court or be permitted to stand by an appellate court unless the evidence is full and satisfactory. It, therefore, is the duty of this Court to examine the entire record, to determine whether the evidence is full and satisfactory and of a nature to justify and support the decree granting the divorce. In doing so, however, we must not lose sight of the fact that the trial court had the vantage of having the parties before him and the opportunity to observe their demeanor and pass upon their credibility. Shaw v. Shaw, 402 S.W.2d 821 (Tex.Civ.App.—San Antonio 1966, no writ).

■ Appellee alleged that the couple were married in 1948, and in 1964 they separated and ceased to live together as husband and wife on account of the actions and conduct of appellant. She alleged that he was guilty of excesses, cruel treatment and outrages toward her of such a nature as to render their further living together insupportable. There are no findings of fact, but the record supports an implied finding that appellant was guilty of excesses, cruel treatment and outrages against appellee of such nature as to render their living together insupportable.

The decree of divorce was therefore proper. Art. 4629(1), Vernon's Ann.Civ.St.

Both appellant and appellee were witnesses in this cause. Appellee testified that the parties separated in July, 1964, because of the excessive drinking of appellant. That in addition to his excessive drinking, which resulted "in DWIs" and incarceration in jail, appellant would be gone all night without any explanation at least once a week. That he had a violent temper and humiliated appellee and the children in public. Appellee testified that she finally left appellant in the best interest of their two daughters. Appellant did not deny that he was guilty of such conduct and in fact admitted that to be fair, appellee had some grounds for the action. He emphatically denied that there was any chance they could ever live together again as husband and wife. Several unsuccessful attempts were made to reconcile before appellee brought this action in July, 1968. We conclude from this record that the evidence is full and satisfactory in support of the implied finding of the trial court.

At the time of the divorce, appellant was a Tech Sergeant (E–6) in the Air Force with over twenty-four years service. He was eligible to retire, although he had not done so and had no intention of doing so at that time. The trial court found that he had a vested right in his military retirement pay based on twenty-four years service. Since he had been married twenty of those years, the court found that $^{20}/_{24}$ths represented the community interest in such retirement pay. Appellee was awarded $^{10}/_{24}$ths interest of the amount which appellant was then entitled to receive had he retired on that date, "if, as, when and during the time" appellant received retirement payments. Appellant urges that such retirement pay was not vested and, in any event, the court was without authority under Federal Law to award a portion of same to appellee. He says that, in any event, appellee's interest was not correctly calculated.

This question was recently considered by us in Mora v. Mora, Tex.Civ.App., 429 S.W.2d 660 (1968, writ dism'd). It was there held that the serviceman's interest in his military retirement plan was an earned property right and, under Art. 4619, Vernon's Ann.Civ.St., the portion earned during the marriage constituted community property. Although Sgt. Mora had not actually retired, he had served in the Marine Corps for a length of time sufficient to entitle him to retirement benefits, and, therefore, it was held that he had obtained a property right which was vested even though the benefits were not payable at the time of the divorce. Here Sgt. Webster had served over twenty-four years in the Air Force and was entitled to retirement benefits which were vested at the time of the divorce. See also Busby v. Busby, 439 S.W.2d 687 (Tex.Civ.App.—Austin 1969, no writ); Comm. of Internal Revenue v. Wilkerson, 368 F.2d 552 (9th Cir.Ct. 1966).

It is seen that no part of the payments were assigned or transferred to appellee. Therefore, there is no violation of Title 31, U.S.Code, Sec. 492, or any other federal regulation of which we are aware. Appellant urges that he may never retire. In that event appellee would not be entitled to receive anything under the decree entered herein. The trial court did not err in considering that the community interest was $^{20}/_{24}$ths, in that at the time of the divorce the parties had been married for over twenty years and appellant had served in the air force during that entire period. See 44 Texas Law Review 860, 881; Hughes, Community Property Aspects of Profit-Sharing and Pension Plans.

Appellant urges that there is no evidence to support the finding by the trial court that appellee was entitled to recover the sum of $475.00 for her attorney's fee. We have examined the entire record and there is no evidence whatsoever relating to what legal services were performed or the reasonable value of same. Nor is there a stipulation or agreement as to the value or determination of same. In Great Ameri-

can Reserve Ins. Co. v. Britton, 406 S.W.2d 901, 907 (Tex.1966), the Supreme Court held that a court does not have authority to adjudicate the reasonableness of an attorney's fee on judicial knowledge without the benefit of evidence. See also: Schecter v. Folsom, 417 S.W.2d 180 (Tex.Civ.App.—Dallas 1967, no writ); Rhoades v. Miller, 414 S.W.2d 942 (Tex.Civ.App.—Tyler 1967, no writ); Reynolds Research & Mfg. Co. v. Scamardo, 412 S.W.2d 941 (Tex.Civ.App.—Waco 1967, no writ). Therefore, the award for attorney's fee cannot stand under this record.

Accordingly, the judgment of the trial court is reformed to delete the recovery of the sum of $475.00 as attorney's fee. In all other respects the judgment is affirmed. The costs of this appeal are taxed one-third against appellee, and two-thirds against appellant.