Margaret Sue DUGGAN, Appellant,

v.

Clarence Marshall DUGGAN, Appellee.

No. 290.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 5, 1969.

Louis J. Andrews, Andrews, Schultz & Schultz, Houston, for appellant.

John P. Farra, Marian S. Rosen, Clyde W. Woody, Woody & Rosen, Houston, for appellee.

BARRON, Justice.

This action was filed by Clarence Marshall Duggan against his common law wife, Margaret Sue Duggan, on February 14, 1968. Suit was filed for divorce, for custody of the minor child of the parties, and for division of the community estate. The parties had been married before 1967, but defendant had obtained a divorce from plaintiff in July of 1967. On October 15, 1968, defendant, Margaret Sue Duggan, filed an answer and cross-action in the present suit. Both parties sought divorce on grounds of cruel treatment, and each sought custody of the minor child.

The trial court, after a trial with aid of a jury, rendered judgment on the verdict in favor of plaintiff, Clarence Marshall Duggan, which included custody of the minor child to the father, and certain community property. The defendant mother was awarded title to certain household furnishings and attorney's fees in the sum of $800. Motion of defendant to disregard the jury's finding of cruelty and excesses toward plaintiff was filed and overruled by the trial court. Appeal has been perfected by the defendant, Margaret Sue Duggan, who is appellant here.

Appellant urges six points of error which generally are that the trial court erred in allowing plaintiff to amend his original petition on the date of trial, and that such action amounted to a denial of the rights of defendant, because plaintiff's amended petition had not been on file for 60 days; that the failure to disregard special issue number 1 was error; because there was no evidence or insufficient evidence to support special issue number 1, and because the judgment is so against the greater weight and preponderance of the testimony as to be clearly wrong. Special issue number 1 deals with the alleged cruel treatment, excesses and outrages toward the plaintiff, which the jury found in favor of plaintiff. Special issue number 2 deals with cruelty and excesses toward defendant by plaintiff, which the jury found in favor of plaintiff. Judgment was rendered on February 5, 1969, and trial began on December 18, 1968.

The statement of facts shows that after the filing of plaintiff's original petition the parties attempted a reconciliation which lasted only for about two weeks. Plaintiff testified that he attempted the reconciliation with an understanding that the wife was going to correct her mistakes, that she was going to come home from work at night, that she was going to be a good wife to him and a dutiful mother to the baby, but that defendant failed to keep her word, and that such reconciliation attempt was a failure. The record further shows

that subsequent to such attempted reconciliation, defendant began running around with other men, the conduct which had caused the initial separation. During January of 1968, defendant had spent at least three hours in a motel room with another man, and plaintiff testified that defendant spent several nights with another man. The testimony further shows that the child was forced to attend a wild party which was clearly against the best interests of the child. There are other facts in the record to support the jury's finding of cruelty and excesses toward plaintiff which we need not mention. The testimony, however, was somewhat conflicting, and the defendant denied most of the testimony outlined above.

The defendant wife contends that after plaintiff filed his suit on February 14, 1968 charging defendant with cruel treatment, the parties resumed living together. The contention is made that such conduct condoned her acts. 20 Tex.Jur.2d, Sec. 55, p. 399. Condonation, however, is tentative and conditional. It is effective so long as the particular act is not repeated, and if the particular act complained of is repeated, condonation relative thereto is no longer effective. The condonation is further conditioned on the treatment of the injured party with conjugal kindness and consideration in the future, and if this is not the case the former acts of cruelty are revived. Barta v. Barta, 283 S.W. 201 (Tex.Civ.App.), no writ; Gomez v. Gomez, 234 S.W.2d 941 (Tex.Civ.App.), no writ; Speer's Marital Rights in Texas (4th Ed., Oakes), Sec. 822, p. 146. We think the short interval of two weeks in which the plaintiff attempted to save the marriage fails to vitiate his action for divorce filed on February 14, 1968, and that his amendment by interlineation on the date of trial showing the separation to be September 7, 1968, there being no objection to such amendment, is harmless and well within the discretion of the trial judge to allow. While some of the cases dealing with condonation impliedly state that only

evidence of cruel treatment occurring before the separation may be received at the trial, we believe that under the circumstances of this case the filing of a new suit by plaintiff after the parties had resumed living together for about two weeks is unnecessary, since the tentative condonation was fully abrogated. We therefore hold that Article 4632, Vernon's Tex.Civ.St., has been complied with, and that more than 60 days had expired at the time of trial after the filing of plaintiff's suit. Moreover, defendant had filed a cross-action on October 15, 1968 seeking divorce on grounds of cruel treatment, and plaintiff's allegations may be considered by the trial court regardless of the above. See Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198 (Tex.Comm.App., opinion adopted).

Evidence may be full and satisfactory even though it is contradicted, and the uncorroborated testimony of one of the spouses may be sufficient. Gomez v. Gomez, supra. The findings of the jury were fully and satisfactorily supported by the testimony, and the trial court had the power to grant plaintiff's divorce and the relief included in the judgment.

The judgment of the trial court is affirmed.