**Kerry Andrus CROCKER, Appellant,**

v.

**Barbara Buckley CROCKER, Appellee.**

**No. 554.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Dec. 15, 1971.

Rehearing Denied Jan. 5, 1972.

Ronald G. Byrnes, Houston, for appellant.

Jim Hamilton; Duvall & Hamilton, Houston, for appellee.

SAM D. JOHNSON, Justice.

Suit for divorce.

Barbara Buckley Crocker filed the instant suit on October 26, 1970, in Harris County to terminate her marriage with Kerry Andrus Crocker. The action was founded upon alleged excesses, cruel treatment and outrages sufficient to render further living together insupportable. The defense lodged to these allegations was a general denial. Following a trial without jury, judgment was entered granting a divorce and Kerry Andrus Crocker has duly appealed from that judgment. It is to be noted that these same persons were previously divorced in May, 1970, and remarried two months later. It was in such previous divorce that the community property of the parties was distributed to each.

In support of his prayer for reversal and dismissal of the cause appellant urges that the evidence to demonstrate (1) cruelty, (2) unkind, harsh or tyrannical treatment and (3) insupportability was factually insufficient, and that the "trial court's findings as reflected in the decree of divorce are against the great weight and preponderance of the evidence." These points require a preliminary observation. The language of these contentions clearly is drawn from the earlier divorce statute Vernon's

Ann.Tex.Rev.Civ.Stat.Ann. art. 4629, sec. 1 (1960), which has been superseded by V. T.C.A.Tex.Fam.Code Ann., sec. 3.02 (1970). Sec. 3.02 no longer includes the words "excesses" or "outrages" but merely states:

"A divorce may be decreed in favor of one spouse if the other spouse is guilty of cruel treatment toward the complaining spouse of a nature that renders further living together insupportable."

Nor does that section list insupportability as a possible basis for divorce. Rather, insupportability is employed in sec. 3.02 as a measure of the character of the cruelty which must be shown. Insupportability as a ground for divorce is found in sec. 3.01, a section not invoked by appellant in this divorce action. Sec. 3.02 speaks only of "cruel treatment".

■ All of appellant's points of error will be considered together inasmuch as they question the factual sufficiency of the evidence in support of the judgment. Sec. 3.64 of the Family Code requires that a divorce decree shall be based upon "full and satisfactory evidence". This provision repeats the requirement of the old statute, Tex.Rev.Civ.Stat.Ann. art. 4632 (1960). Cases considering the "full and satisfactory" standard of evidence have uniformly held that the trial court sitting without a jury is granted broad discretion in determining whether the evidence submitted to demonstrate cruel treatment meets the "full and satisfactory" test. McGlathery v. McGlathery, 429 S.W.2d 187 (Tex.Civ.App. —Amarillo 1968, no writ); McAfee v. McAfee, 369 S.W.2d 669 (Tex.Civ.App.— Texarkana 1963, no writ). And where, as here, there is no request for findings of fact by the trial court, an appellate court must view the evidence in the light most favorable to appellee. Haiduk v. Haiduk, 374 S.W.2d 323 (Tex.Civ.App.—San Antonio 1963, writ dism'd).

■ While it is an appellate court's duty to determine that the trial court's judgment was rendered upon "full and satisfactory" evidence supporting the plaintiff's allegation, the lower court's determination will not be disturbed unless a clear abuse of discretion is shown. Meyer v. Meyer, 361 S.W.2d 935 (Tex.Civ.App.—Austin 1962, writ dism'd); Caldwell v. Caldwell, 423 S. W.2d 140 (Tex.Civ.App.—Waco 1967, no writ). In evaluating the trial court's action the reviewing court should consider that the trial court had the parties before him and thus had the opportunity to observe their demeanor and pass upon their credibility. See Webster v. Webster, 442 S.W.2d 786 (Tex.Civ.App.—San Antonio 1969, no writ); Shaw v. Shaw, 402 S.W.2d 821 (Tex.Civ.App.—San Antonio 1966, no writ). Blessed with such vantage it has been held that the trial court may decree a divorce even upon nothing more than the contradicted, uncorroborated testimony of one spouse. Duggan v. Duggan, 446 S.W. 2d 727 (Tex.Civ.App.—Houston (14th Dist.) 1969, no writ).

■ In the present case, plaintiff Barbara Crocker presented her own testimony and that of two neighbors, Ramona Sayers and Marion Armstrong Maxwell. Plaintiff testified that defendant Kerry Crocker's demand that she sign over to him her automobile was the act which precipitated the parties' separation on October 19, 1970. Her refusal made him "quite angry, which had been happening in the past". She testified that defendant told her everything would be all right if she signed over her car, but if she didn't he was leaving and not coming back. According to her testimony, their relationship was "not getting anywhere" and seemed to hinge on her signing back to him things which she had been awarded in the previous divorce.

Plaintiff's testimony further narrated an incident in which, at defendant's suggestion, she and her two sons traveled to Nachitoches, Louisiana, where defendant twice called her, allegedly from Morgan City, Louisiana, first to say he was coming to join them, and then to say his plans were changed. A subsequent check with the telephone company revealed that those

calls were made from Houston, Texas, and were made in a telephone booth across the street from the apartment of one Pamela Owens. Pamela Owens was a female friend of the defendant, Kerry Crocker, with whom he had earlier announced "he was entirely finished". Defendant had a key to Pamela Owens' apartment, which, according to him, was for the purpose of searching the apartment and retrieving a gun which he owned. Though the defendant denied much of what plaintiff testified to, he conceded that Pamela Owens was allowed to use the downtown parking space he paid for in connection with his business.

The plaintiff further testified that she seldom knew how to reach defendant and often had to call his answering service while he was gone on one of his frequent out-of-town jobs as a drilling engineer. In her second appearance on the stand she testified that she often was left without information as to defendant's whereabouts four or five days when he was gone on a job, and frequently did not know when he was returning home. Defendant's answering service, at defendant's instructions, would not divulge any information regarding defendant. It was plaintiff's conclusion that she could no longer live with defendant, and that she no longer loved him.

Finally, Mrs. Ramona Sayers testified that on November 10, 1970, defendant chased plaintiff to the Sayers' home, in an apparent attempt to take from plaintiff a notebook she was clutching.

In view of the evidence related above we can not say that the trial court abused its broad discretion in awarding a decree of divorce to plaintiff and thus necessarily finding that cruelty on the part of defendant sufficient to render the marriage insupportable was demonstrated by full and satisfactory evidence. Cases cited by appellant to support his position are distinguishable because either factually dissimilar to the instant case or concerned with

evidence which is no more than the complaining spouse's conclusions and generalties. The trial court's judgment must, therefore, be affirmed.