Marjorie G. LEONARD, Appellant,

v.

Robert W. LEONARD, Appellee.

No. 855.

Court of Civil Appeals of Texas,
Corpus Christi.

June 20, 1974.

Francis I. Gandy, Jr., Corpus Christi, for appellant.

Amador Garcia, Garcia & Bushala, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

Robert W. Leonard filed suit for divorce from Marjorie G. Leonard on the grounds of insupportability. The trial court entered judgment by default against the respondent. Her motions for new trial and to set aside the default judgment were overruled. Respondent appeals.

On July 24, 1973, petitioner filed suit. Respondent was served with citation on September 6, 1973. No answer was filed, so petitioner sought and was granted, after a non-jury trial, a default judgment on October 1, 1973. The decree was signed by the trial judge on October 2, 1973. On October 9, 1973, the respondent filed her motions for new trial and to set aside the default judgment; on October 24, 1973, she filed amended motions which were overruled by order entered October 28, 1973. At the hearing on the motions, which were conducted on October 26, 1973, the petitioner, the petitioner's attorney and the respondent's attorney were present.

The decree of divorce ordered the division of property as follows: petitioner was awarded a 1964 Ford automobile (subject to any indebtedness against it) and the military retirement benefits which would accrue to him, subject to the interest awarded to the respondent; respondent was awarded all personal property in her pos-

session (subject to any indebtedness against it) and a 7/23rd interest in the retirement benefits of the petitioner, with the denominator of said interest increasing by one for each year of service the petitioner might accrue until he is finally discharged or separated from the Navy.

The appellant presents seven points of error which are complaints that: (1 and 2) the motions for new trial and to set aside default judgment presented a meritorious defense and a justifiable excuse for failing to answer and at a time when no delay would have resulted; (3 and 4) the trial court abused its discretion in its action of overruling the motions; (5) the trial court erred in failing to set aside the default judgment; (6 and 7) there is no evidence and a lack of full and satisfactory evidence to support the judgment.

■ We must first inquire whether the appellant's failure to answer was due to mistake or accident as opposed to being intentional or the result of conscious indifference. Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124 (Tex. Comm'n.App.1939, opinion adopted). The appellant's motions for new trial and to set aside default judgment, and the evidence presented on the hearing of such motions show: that the appellant employed Honorable Francis I. Gandy, Jr., for the purpose of filing an answer; that sometime during the week of September 24, 1973, the appellant sent a parcel of papers, including the citation which she had received (in Florida where she lived) in the cause, to Gandy's office; that Gandy received the papers about September 26th; that Gandy saw the papers after they were received in his office, but after he had seen the papers they were placed in a filing cabinet instead of being placed in the secretary's basket or on his desk where urgent work was usually placed; that at the time the papers were received, Gandy was involved in preparing a case for argument on October 1, 1973, before the United States Fifth Circuit Court of Appeals in New Orleans; that he left Corpus Christi on September 28, 1973,

and returned by automobile following his appearance before the Court of Appeals on October 1, 1973; that on October 5, 1973 he became aware that a judgment had been entered. In the appellant's motion for new trial, it is asserted that the failure to file an answer was not intentional or the result of any conscious indifference, and that said failure was due to mistake or accident on the part of the attorney in placing the file in the wrong place. Gandy's testimony at the hearing on the motion for new trial support the contentions made in said motion. We believe that this evidence shows that the failure of appellant to answer was not intentional or the result of conscious indifference, but rather that such failure was due to mistake or accident. See Ward v. Nava, 488 S.W.2d 736 (Tex.Sup.1972); Republic Bankers Life Insurance Co. v. Dixon, 469 S.W. 646 (Tex.Civ.App.—Tyler 1971, n.w.h.). We so hold.

■ We next inquire whether the motion for new trial was filed at a time when the granting thereof would occasion no delay or otherwise work an injury to the petitioner. The motion for new trial was filed October 10, 1973, only seven days after the entry of judgment and within the ten days allowed by Rule 329b(1), Texas Rules of Civil Procedure, for the filing of motions for new trial. We hold that the motion was filed at a time so as to cause no delay or injury to the petitioner.

■ We now consider the final inquiry of the *Craddock* rule; that is, whether the motion for new trial sets up a meritorious defense. In Ivy v. Carrell, 407 S.W.2d 212 (Tex.Sup.1966), our Supreme Court explained the *Craddock* rule at page 214 of its opinion as follows:

"The rule of Craddock does not require proof of a meritorious defense in the accepted sense to entitle one to a new trial after default; the motion should be granted if it 'sets up a meritorious defense.' In this respect, the burden a defaulting defendant must assume on motion for new trial is much less onerous

than the burden he must assume in a bill of review proceeding filed after expiration of the time for filing a motion for new trial.

\*    \*    \*    \*    \*    \*

. . . This does not mean that the motion should be granted if it merely alleges that the defendant 'had a meritorious defense.' The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meretorious defense. . . But once these requirements are met, it is improper to try the defensive issues made by the motion or the pleadings." (Emphasis by the Court.)

In her motion for new trial, the respondent alleged that the appellant and the appellee had previously entered into a contract regarding the division of their properties and that the failure of the judgment to incorporate this contract into the judgment damaged the appellant; and that the appellee did not list and disclose at the time of judgment all of the properties that the parties had acquired during their marriage. The appellant also asserted that she had "bona fide defenses" and would suffer irreparable damage unless the motion was granted. A copy of the contract entered into between the appellant and the appellee was attached to the motion for new trial.[1] By sworn affidavit attached to the motion for new trial, the respondent stated:

"That by virtue of this agreement (the one referred to above) the parties have entered into a permanent settlement of their property rights. That the said Robert W. Leonard had secreted monies and other valuables of community property . . . That contrary to the allegations contained in paragraph 5 of the Petitioner's petition herein there have been community properties accumulated during this marriage other than personal effects. That the said Robert W. Leonard has secreted several hundred dollars per month for the last several years and in an effort to defraud Marjorie G. Leonard of her community interest and these funds."

Paragraph V of the petitioner's petition states that:

"No community property has been accumulated during this marriage other than personal effects, which should be awarded to the person having possession." (Tr. 3)

At this juncture, we must make the following inquiries into the appellant's sworn allegations that the appellee secreted community property, that contrary to the appellee's petition, there were community properties during the marriage other than personal effects, and that the appellee had secreted several hundred dollars per month in an effort to defraud the appellant. First, would such allegations of nondisclosure and fraud in the division of the property constitute a defense to the asserted cause of action; and second, if it be as-

1. The contract consisted of an "Agreement" made August 23, 1972, and executed before a notary public of the State of Florida and an "Amendment to Agreement" made October 24, 1972, and executed before a notary public of the State of Florida. The "Agreement" recited that: "In consequence of disputes and irreconcilable differences, the parties have separated and are now living apart. In view of their intention to continue to live apart for the rest of their natural lives, they desire to settle their respective property rights and agree on support provisions for the wife." The "Agreement" provided substantially as follows: that the parties would continue to live apart; that the appellee would pay the appellant $500.00 monthly until her remarriage or death; that the appellant would have the custody and exclusive use of the marital home, and furniture; that neither should be responsible for debts of the other; and that the appellant would remain primary beneficiary of the $15,000.00 and $20,000.00 life insurance policies carried by the appellee and that the appellee would keep the policies in effect. The "Agreement" also recited that: "It is further agreed between the parties that this agreement *may* be incorporated by reference in any action for separate maintenance or divorce. . . . ." (Emphasis supplied.)

sumed that such allegations would constitute a defense, then was there prima facie proof of such defense. We do not believe the allegations in the motion for new trial and the attached sworn affidavit constitute a defense to the suit for divorce; such allegations are confined to an attack upon the division of the property under the decree, and not the divorce itself.

We believe that the appellant has not met her burden of setting up such defense by prima facie proof of same. Neither the motion for new trial nor the attached affidavit assert specific facts, such as those asserted in Ward v. Nava, supra. In the hearing on the motion for new trial testimony was given by the appellee and by Gandy. The trial court admitted into evidence the "agreement" entered into by the parties because Gandy asserted that it contained an agreement concerning community property. The only other evidence before the trial court at the hearing was the testimony of the appellee and Gandy, and the affidavit attached to the motion for new trial. Gandy had the opportunity to question the appellee regarding the allegation that he had secreted community property and had failed to disclose the existence of other community property. However, the following excerpt from the testimony shows that the respondent's attorney was primarily interested in being able to initiate discovery to determine what community property the petitioner might have which was not disclosed at the time of the hearing on the petition for divorce:

"The Court: . . . So that's what the result is going to be unless you prove he has got cash stashed away. . .

Mr. Gandy: . . . My client says he has done that. I think with interrogatories and proof we may be able to enter an agreed judgment, but I want an opportunity to investigate and see so I can properly advise her.

Mr. Garcia: What is there to investigate? He is on the stand.

Mr. Gandy: There is a lot of other things to investigate.

The Court: What other property is there that she has that's community property?

The Witness: The only property she or I have is a house full of furniture which in accordance with that agreement she has use and possession of in Florida. I have a 1964 automobile mentioned in the original divorce decree. She has a new automobile since our separation, and I'm not sure what it is.

The Court: To the best of your knowledge she has nothing else?

The Witness: I don't know. I have no savings, no investments, no real property, and never have had.

The Court: Do you have anymore evidence?

Mr. Gandy: Yes, sir, I have."

The remainder of the respondent's evidence consisted of Gandy's testimony as to the circumstances surrounding the failure to file the answer.

■ In reviewing the action of the trial court in overruling the appellant's motion for new trial and motion to set aside default judgment, we have been mindful of recent decisions holding that trial courts should exercise their discretion liberally when considering whether to grant new trials in light of the principle that new trials should be freely allowed when basic requirements are met. See Western Union Telegraph Co. v. McGinnis, 508 S.W.2d 147 (Tex.Civ.App.—San Antonio 1974, n. w. h.) and authorities cited therein. We have followed this liberal rule in the case at bar, but we have found that the requirement of having a meritorious defense, and setting it up by prima facie proof, was not met. The trial court did not abuse its discretion. The appellant's first five points of error are overruled.

■ In the appellant's sixth and seventh points of error, she asserts that there was no evidence to support the grounds for divorce alleged in the appellee's original petition and that such grounds were not sup-

ported by full and satisfactory evidence. We note at the outset that neither of these alleged defenses to the divorce action were set up as a meritorious defense in the motions for new trial as required by our Supreme Court. Craddock v. Sunshine Bus Lines, Inc., supra; Ivy v. Carrell, supra. Thus, we must determine whether these points are properly before this court.

■ A motion for new trial is not required in a non-jury case as a prerequisite to appeal. Boswell v. Handley, 397 S.W.2d 213 (Tex.Sup.1965). Nor will the filing of a motion for new trial in a non-jury case limit an appellant to the assignments made in the motion for new trial. Boswell v. Handley, supra. The appellant's motion for new trial does not assert either no evidence or a lack of full and satisfactory evidence as being a meritorious grounds of defense. However, since the filing of a motion for new trial in a non-jury case does not limit an appellant's points of error to the assignments made in the motion for new trial, we hold that the appellant may assert her no evidence and lack of full and satisfactory evidence defenses for the first time in this appeal.

■ The requirement that the court base its decree upon full and satisfactory evidence was first contained in Article 4632, V.A.C.S., which was repealed, effective January 1, 1970. However, this requirement was re-enacted, effective January 1, 1970, in the original Section 3.64 of the Family Code. Tex.Laws 1969, ch. 888, § 3.64 at page 2725. Effective January 1, 1974, Section 3.64 of the Family Code was amended so as to remove the requirement that a decree of divorce be based upon full and satisfactory evidence. Texas Laws 1973, ch. 577, § 3.64, at page 1605. The decree of divorce in the case at bar was signed by the trial judge on October 2, 1973, therefore, Section 3.64 of the Family Code as it then existed required that the decree be based upon full and satisfactory evidence. It is, therefore, the duty of this Court to determine not only whether there was any evidence to support the grounds

for divorce, but also whether full and satisfactory evidence was presented upon which the trial court could base the divorce decree. Webster v. Webster, 442 S.W.2d 786 (Tex.Civ.App.—San Antonio 1969, n. w. h.). In making such determination, we must examine the entire record. Webster v. Webster, supra. But the trial court's determination will not be disturbed unless a clear abuse of discretion is shown, Crocker v. Crocker, 474 S.W.2d 630 (Tex. Civ.App.—Houston [14th Dist.] 1971, n. w. h.) and cases cited therein. On an appeal from a judgment granting a divorce every presumption must be indulged in favor of the judgment. Cusack v. Cusack, 491 S. W.2d 714 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd), and cases cited therein.

■ In evaluating the action of the trial court, we must recognize that it had the *opportunity to observe the demeanor of the* petitioner and pass upon his credibility. Crocker v. Crocker, supra, and cases cited therein. We also note that evidence may be full and satisfactory even though it is only the uncorroborated testimony of one of the spouses contradicted by the other. Gomez v. Gomez, 234 S.W.2d 941 (Tex. Civ.App.1950, n. w. h.). Accord Duggan v. Duggan, 446 S.W.2d 727 (Tex.Civ.App.— Houston [14th Dist.] 1969, n. w. h.); Crocker v. Crocker, supra. Here, of course, the trial court had only the uncorroborated testimony of the petitioner upon which to base the decree.

The testimony of the petitioner which is pertinent to and supportive of his contention of insupportability as grounds for divorce is: that he has resided in Nueces County for more than a year; that he and respondent were married August 22, 1959, separated May 8, 1972, and had not lived together since; that he had tried to reconcile with his wife; that the respondent, his wife, refused to move with him when he moved to Corpus Christi, where he was to be stationed as a Navy officer; that the marriage broke up because of an accumulation of differences arising from the respondent's dislike of the Navy and his friends and arguments over finances; that

their arguments have been detrimental to both parties. It is readily apparent from our review of the appellee's testimony that there was evidence presented which will support the grounds for divorce. The appellant's sixth point of error is overruled.

We said in Cusack v. Cusack, supra, 491 S.W.2d at pp. 719–720 that:

"The question as to whether the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable reconciliation is peculiarly one of fact to be determined by the trier of fact."

We also said in Cusack v. Cusack, supra, that the sufficiency and weight of the evidence necessary to meet the requirements of insupportability must be left to the sound discretion of the court or jury trying the case. We hold that the trial court did not abuse its discretion in finding that the appellee had proved the allegations in his petition for divorce by full and satisfactory evidence. The appellant's seventh point of error is overruled.

The judgment of the trial court is affirmed.